SCHNUR v. PHILLIPS et al.

(Supreme Court, Appellate Term.    May 7, 1909.)

APPEAL AND ERROR (§ 931*)—REVIEW—PRESUMPTIONS.

For the purposes of appeal, the facts must be taken most favorably for the respondent.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3728, 3762–3771 ; Dec. Dig. § 931.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Morris Schnur against Isaac Phillips and another. From a judgment for plaintiff, defendants appeal.    Affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Fried & Czaki (Frederick M. Czaki, of counsel), for appellants.

Herman B. Goodstein, for respondent.

PER CURIAM.    Plaintiff contracted with defendants to act for them as foreman.    The contract contained this agreement:

" * * * Party of the second part has deposited the sum of $200 with first party as a guarantee that he will perform the conditions of his contract, and which amount shall be held as liquidated damages in the event said party fails to perform ; otherwise, the same shall be returned to him at expiration of contract."

Plaintiff testifies that he reported to work and after a conversation with defendant was discharged.    This defendant denies.    The day following plaintiff called and demanded the return of his deposit, which was refused.    This action is brought to recover the $200.    The trial justice rendered judgment for the plaintiff in the amount claimed.

From the entire case it is impossible to tell whether the trial justice based his decision upon a finding that the plaintiff tendered a full performance of his obligations under the contract and was dismissed, that the $200 constituted a penalty and therefore unenforceable, or that defendants were bound to show that they had sustained actual damage or upon all of them.    For the purposes of this appeal the facts must be taken most favorably for the respondent, and, as the trial justice had the advantage of hearing the witnesses and noting their conduct upon the stand, he is better able to balance the evidence given by them.

The judgment of the lower court is affirmed upon the first of the three grounds given above.

Judgment affirmed, with costs.